UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AVALON & TAHOE MFG., INC.,

Plaintiff,

Case No. 2:26-cv-13011

v.

Hon.

JEFFREY PIKE,

Defendant.

---

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff, Avalon & Tahoe Mfg., Inc., by and through its attorneys, Braun Kendrick Finkbeiner P.L.C., and for its Complaint against Defendant, Jeffrey Pike, states as follows:

**INTRODUCTION**

1. Plaintiff, Avalon & Tahoe Mfg., Inc. (hereinafter "Avalon"), brings this action to compel Defendant, Jeffrey Pike (hereinafter "Pike"), to arbitrate a dispute between the Parties that is subject to a valid, enforceable, and irrevocable written arbitration agreement.

**PARTIES, JURISDICTION, AND VENUE**

2. Avalon is a Michigan corporation with its principal place of business and registered office located in Gratiot County, Michigan.

3. Avalon is a pontoon boat manufacturer.

4. Upon information and belief, Pike is a citizen of California and resides in Ventura County, California.

5. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this action because there is complete diversity between the Parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. This action is filed pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, and Federal Rule of Civil Procedure 57.

7. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) as Gratiot County, Michigan, is where a substantial part of the events giving rise to the claim occurred, including Avalon's manufacture of the boat at issue in this proceeding.

8. This Court has jurisdiction over Pike as the Parties' written arbitration agreement contains a mandatory forum selection clause with Michigan as the exclusive forum for the Parties' disputes.

## FACTUAL ALLEGATIONS

9. Prior to March 6, 2025, Avalon manufactured a model year 2024 Avalon Excalibur Elite Windshield 27 foot pontoon boat (hereinafter the "Boat") in Gratiot County, Michigan.

10. Upon information and belief, on or about March 6, 2025, Pike purchased the Boat along with a trailer and Mercury engine.

11. As part of the Boat purchase, Pike received an express limited warranty from Avalon for the Boat. A copy of Avalon's express limited warranty for the boat is attached as **Exhibit A** ("the Warranty").

12. As is evidenced by Exhibit A, Pike received and executed a copy of the Warranty before or at the time he purchased the Boat. By signing the Warranty and by making claims under the Warranty, Mr. Pike expressly agreed to the terms of the Warranty including the Mandatory Binding Arbitration Agreement included therein.

13. Avalon's express limited warranty on the Boat contains the following binding agreement to Arbitrate:

> **DISPUTE RESOLUTION – MANDATORY BINDING ARBITRATION**
>
> **By accepting [Avalon's] Limited Warranty, [Pike] acknowledges that he/she will not be able to bring a lawsuit for any disputes relating to the boat. Instead, the Owner agrees to resolve any and all disputes in accordance with this paragraph, which includes mandatory arbitration which is binding upon both A&T and [Pike].** If you are unable to resolve a warranty issue with your dealer, contact the A&T Customer Service Department, 903 Michigan Ave., Alma, Michigan 48801, Phone: (989) 463-2112, Fax (989)463-8226. If a dispute arises between A&T and you, the disagreement will be resolved through binding arbitration under the United States Federal Arbitration Act, as amended. This mandatory arbitration provision shall apply to any and all disputes involving economic damages

> arising out of your purchase and use of an A&T product, including all tort claims, statutory claims and contract theories.

Exh. A, p. 3.

14. On or about May 12, 2026, Pike filed a complaint in the Superior Court for the State of California, case no. 2026CUBC066081 against Avalon and Pacific Marine of Madera Inc. ("California Complaint"). A copy of the California Complaint is attached as **Exhibit B**.

15. In the California Complaint, Pike alleges various problems with the Boat including alleged "defects with the flooring/deck surface, paint/finish, hardware, fitment issues, fiberglass issues, and trailer issues."

16. Pike acknowledges in the California Complaint that he "received [Avalon's] express written warranty."

17. The California Complaint is based on four legal theories: (1) breach of implied warranty, (2) breach of express warranty, (3) violation of [California] civil code section 1793.2, and (4) violation of civil code section 1793.2(b).

18. Pike requests damages and/or restitution in an amount of at least $197,500.00.

19. Pursuant to the express terms of the Warranty, Pike and Avalon agreed that binding arbitration would be governed by the United States Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*

20. Upon information and belief, Pike has deliberately violated his agreement to arbitrate this dispute with Avalon and fully intends to continue to violate the binding arbitration agreement between the parties.

**FIRST CAUSE OF ACTION**
**(Declaratory Judgment)**

21. Avalon hereby incorporates all the other allegations in this Complaint by reference as if set forth in full hereunder.

22. An actual, present, and justiciable controversy has arisen between Pike and Avalon arising out of Pike's purchase and/or use of the Boat. Specifically, Pike has filed a four count complaint against Avalon in California State Court regarding the Boat.

23. Avalon seeks a declaratory judgment from this Court pursuant to 28 U.S.C. §§ 2201 *et seq.*

24. Specifically, Avalon requests that this Court declare:

a. That the written arbitration agreement between Pike and Avalon is valid, irrevocable, and enforceable under 9 U.S.C. §§ 1 *et seq.*;

b. That Pike's claims against Avalon arising out of his purchase and use of the Boat, including all tort claims, statutory claims, contract theories and this express limited warranty claims, are subject to binding arbitration;

c. That Pike shall arbitrate those claims consistent with the terms of the arbitration agreement;

d. That pursuant to 9 U.S.C. § 5, an arbitrator shall decide the Parties' dispute; and

e. If and only if this Court finds that Pike's claims are not subject to arbitration, that Avalon owes Pike nothing.

## PRAYER FOR RELIEF

**WHEREFORE**, Avalon respectfully requests that the Court:

A. Order the parties to arbitrate their dispute in Gratiot County Michigan or in a county adjacent to Gratiot County, Michigan;

B. Enjoin Pike from taking any further action to pursue his California lawsuit against Avalon;

C. Appoint an Arbitrator to decide all claims asserted by Pike against Avalon and otherwise oversee the proper and fair arbitration of this dispute;

D. Stay this Action until arbitration is resolved;

E. Award Avalon its costs in this Action; and

F. Enter such other and further relief to which Avalon may be entitled as a matter of law or equity, or which this Court determines to be just and proper.

BRAUN KENDRICK FINKBEINER P.L.C.

DATED: August 24, 2026

By: *_/s/ Mitchell G. Piper_*

David L. Puskar (P73121)
Mitchell G. Piper (P82866)
Attorneys for Plaintiff
4301 Fashion Square Boulevard
Saginaw, MI 48603
(989) 399-0642
davpus@braunkendrick.com
mpiper@braunkendrick.com

# Exhibit A

AVALON & TAHOE MFG., INC.
LUXURY PONTOON BOATS
AVALONPONTOONS.COM • TAHOEPONTOONS.COM

3

# AVALON & TAHOE LIMITED WARRANTY

(Effective model year 2023)

Avalon & Tahoe Mfg., Inc. (hereinafter "A&T"), makes this limited warranty. This written statement of limited warranty represents the entire warranty authorized and offered by A&T.

## WHO IS COVERED, TRANSFERABILITY

Except as set forth below, this warranty is extended only to the original retail purchaser (the "Owner"). This warranty is transferable one time within five (5) years from the date of original purchase. An inspection, completion of a warranty transfer form and payment of a transfer fee is required through an authorized A&T dealer to transfer this limited warranty. Any unexpired warranty periods are not extended for the second Owner and are limited to a maximum duration of five years from the date of the original retail purchase. A&T reserves the right to reject any warranty transfer request for a boat that has been damaged, neglected, or is otherwise ineligible for warranty coverage.

## WHAT IS COVERED

This limited warranty covers significant defects in manufacturing materials and workmanship performed by A&T. This limited warranty provides coverage for the A&T manufactured portions of the boat, as well as the other specific components listed as being covered in the "warranty periods" section below.

## WHAT IS NOT COVERED

This warranty does not cover component parts and systems manufactured by other manufacturers. Components that are covered by another manufacturer's warranty are hereby expressly excluded under the terms of this limited warranty. This exclusion includes but is not limited to motors, drive systems, engine controls and batteries. Warranties applicable to these excluded parts and systems can be obtained from the manufacturer of the component parts and systems. Listings of available warranty information from accessory components can be accessed through the accessory documentation QR code located on the card supplied in your owner packet. A&T is not responsible for and will not pay for or honor any such warranties.

In addition to the other exclusions and limitations contained elsewhere in this limited warranty, any failure(s) caused by inadequate or improper cleaning, excessive exposure to the sun and other natural elements, improper cleaning agents, accident(s), modifications, damage, freezing, and faulty maintenance procedures is expressly excluded from this warranty.

This A&T Limited Warranty excludes any failures that are not caused by a defect in material or workmanship. This warranty does not cover claims of defective design. Damage or performance issues caused or contributed to by any of the following are excluded from warranty coverage: Racing, abuse, misuse, unreasonable use, overpowering, negligent operation, neglect of others, modifications, alterations, addition of aftermarket accessories such as Sea Legs, failure to observe proper maintenance and operating practices as outlined in the A&T user's manual, failure to comply with applicable safety regulations, failure to follow Safety recommendations in your user's manual, failure to trim boat properly or slowdown in rough water, overloading, immersion in water, power/pressure washing, rust, towing other boats, being towed behind other boats, use of improper trailer(s) or trailering, improper or lack of support of the motor(s) during trailering, improper use or stress on components or parts, attempted repairs by persons not authorized to make repairs by A&T; improper component alignment, tension, adjustment or altitude compensation; improper lubrication, improper fuel, surface imperfections caused by external stress, heat, cold or contamination; accidents, acid rain, natural disasters, mold or mildew related damage, rot or deterioration, Acts of God, or normal wear, tear, staining, or fading of fabrics and floor coverings; gelcoat crazing and blistering; Damage to or deterioration of cosmetic surface finishes, including scratches, gouges, chips, cracks, discoloration, fading, oxidation, normal wear and tear; Damage to the mooring cover, bimini top frame or canvas due to wind speeds in excess of 25 MPH, or improper storage/use while trailering; failure to disconnect the front and rear bimini support legs before activation of the power top, snow or other physical damage from



DS JP

external forces; damage due to improper use of a ski tow bar, including the warning label, with instructions that excludes the use of inflatables or tubes; rock chips; scratches; dents; road salt; tree sap; pollen; bird/spider droppings; acts of nature including but not limited to hail, lightning, windstorms; abrasions from boat covers, beach sand and rocks; vandalism, collisions, rodents, battery acid, and chemical spills; wave or other water damage caused by failure to avoid operating in severe rough water conditions or failure to reduce speed in rough water; and damage caused by improper mooring.

This limited warranty excludes any damage as a result of stray-current corrosion, galvanic corrosion or saltwater corrosion. Electrolysis can occur under many different circumstances both in and out of the water, none of which are covered by this warranty. Electrolysis can cause severe structural damage to a boat and its accessories. To prevent damage, precautions should be taken including but not limited to: sacrificial anodes, anti-fouling paint, limited exposure to saltwater, trailers/lifts with plastic-tread bunks, fully wash the boat, tubes, and cross members immediately after every usage in saltwater.

This limited warranty is voided for: any boat that has been damaged and the cost of repairs exceed 30% of the fair market value of the boat before being damaged; declared a total loss or total constructive loss; any boat that bears a "salvage" or similar title; any boat that has ever been overloaded or equipped with horsepower exceeding the U.S. Coast Guard Maximum Capacity limits shown on the capacity plate of the boat.

## WARRANTY PERIODS

**COMMERCIAL WARRANTY.** The limited warranty for boats used for any business purpose, competition, hire, governmental, rental, timeshare-including joint ownership by non-family members, military or any other commercial use ("Commercial Use") is 90 days from original date of purchase. Any Commercial Use of any A&T boat at any time shall limit the warranty period to 90 days from the date of purchase. All other restrictions and exclusions contained in the other terms and conditions of this warranty also apply to boats used for Commercial Use.

**PERSONAL USE WARRANTY.** The following limited warranty is made for boats purchased by individual(s) for normal personal recreational use.

A. **Pontoons, structural components and plywood decking.** Boats with single motor 350HP or less: Lifetime[1] parts, ten years labor. Boats manufactured for use with twin motors or horsepower more than 350HP: five years parts, and two years labor. For failures within these time periods, A&T will, at its sole discretion, repair or replace any structural failure on pontoons, cross channels, seat frames, motor mounts, structural portion of railings, and wood decks caused by defects in material and/or workmanship under normal personal non-commercial use. Damage caused by lack of or improperly supporting the motor during transportation, wave or other water damage caused by failure to avoid operating in severe rough water conditions or failure to reduce speed in rough water is excluded from this warranty.

B. **Floor covering and upholstery vinyl.** Ten years parts and labor. Product is warranted from failure due to abnormal fading, peeling or cracking. This warranty shall include replacement materials and/or labor, based upon an inspection by a qualified A&T representative. Excessive deterioration or fading caused by overexposure to the sun, as a result of failure to properly cover the boat while not in use, is excluded from this warranty. Damage caused by rips, tears, snags and unraveling or other abuse is not covered under this warranty. Flooring or seat stains or discoloration from ink, drinks, pollen, leaves, micro-organisms, bacteria, fungus, mold, etc., are excluded from coverage under this warranty. Damage due to lack of maintenance, failure to follow the cleaning procedures outlined in the user's manual or the use of improper cleaning agents and pressure washing voids this warranty. Woven and vinyl floor coverings may show some slight variation in weave and can be affected by environmental conditions (such as temperature swings from cold to warm) and deck board seams may be slightly visible. These attributes are inherent in the product construction and application and are not defects in material or workmanship and are excluded.

C. **Mooring Cover, Bimini, and enclosure top fabric warranty.** Ten years parts and labor. These components are warranted against excessive loss of color or strength under normal exposure conditions. Damage caused by trailering, storms, rips, tears, snags and unraveling or other abuse is not covered under this warranty. Stains or discoloration from

[1] If the original purchaser is not an individual, "Lifetime" shall be construed to be the earlier of 5 years from the date of original retail purchase or the dissolution of any non-human purchaser, whichever first occurs.



DS
JP

ink, drinks, pollen, leaves, micro-organisms, bacteria, fungus, mold, etc., are excluded from coverage under this warranty. Damage due to lack of maintenance, failure to follow the cleaning procedures outlined in the user's manual or the use of improper cleaning agents voids this warranty

D. **Gelcoat.** Two (2) years parts and labor. Covers parts and labor for defects in materials and workmanship as to the boat's gelcoat subject to normal recommended usage and maintenance, solely to the extent the gelcoat exhibits structural cracking, significant blistering, abnormal fading or peeling.

E. **Powder coat adhesion.** Three (3) years parts and labor. Covers parts and labor for defects in materials and workmanship solely as to the powder coat adhesion (subject to normal recommended usage and maintenance.)

## OWNER'S RESPONSIBILITIES

Owner is required to complete the online warranty registration and accept the terms of this limited warranty at www.avalonpontoons.com/cwr within 30 days of purchase. Owner is strongly encouraged to complete the online warranty registration immediately upon completing the purchase of the boat. Owner is required to review and electronically sign the "New Owner Advisory Checklist" online. Your completion of the online warranty registration shall serve as an acknowledgement and acceptance of the terms and conditions of this limited warranty. You will receive an email acknowledgement of your registration. Failure to properly complete and submit the online warranty registration within thirty (30) days of purchase will limit all warranty periods to ninety (90) days.

Owner is responsible for proper maintenance, storage and cleaning of the Boat and components. Owner is responsible to identify and report any warranty repairs needed within 30 days of discovering a defect. Owner must transport the boat to and from your local dealer or other repair facility designated by A&T. Failure to timely submit a claim waives the claim. Owner must provide proof of current ownership when making a claim.

## HOW TO GET LIMITED WARRANTY SERVICE

The best way to obtain warranty service is to take your boat to the A&T dealer where you originally purchased your boat. Your dealer should be able to make the repairs and submit the warranty claim on your behalf. If you or your dealer have moved, or if you desire to change dealers you can locate an A&T dealer using our dealer locator tool at: https://www.avalonpontoons.com/find-a-dealer/. If your local A&T dealer cannot perform the service work, the Dealer should call A&T's Customer Service Department for assistance. In some instances, A&T may require that the boat or certain parts be returned to the A&T manufacturing facility in Alma, Michigan for warranty service. Costs incurred for transporting the boat and/or parts to and from A&T and/or dealer are the responsibility of the Owner.

## DISPUTE RESOLUTION – MANDATORY BINDING ARBITRATION

**By accepting A&T's Limited Warranty, Owner acknowledges that he/she will not be able to bring a lawsuit for any disputes relating to the boat. Instead, the Owner agrees to resolve any and all disputes in accordance with this paragraph, which includes mandatory arbitration which is binding upon both A&T and the Owner.** If you are unable to resolve a warranty issue with your dealer, contact the A&T Customer Service Department, 903 Michigan Ave., Alma, Michigan 48801, Phone: (989) 463-2112, Fax: (989) 463-8226. If a dispute arises between A&T and you, the disagreement will be resolved through binding arbitration under the United States Federal Arbitration Act, as amended. This mandatory arbitration provision shall apply to any and all disputes involving economic damages arising out of your purchase and use of an A&T product, including all tort claims, statutory claims and contract theories. The locale for any in-person arbitration hearing shall be in Gratiot County, Michigan, or any county adjacent thereto. We will consent to your attending by phone, video conference or other means that does not require your physical attendance, should you choose not to attend in-person. The expenses of any arbitration will be split evenly between you and A&T.

## CHOICE OF LAW

This warranty shall be governed exclusively by, and construed exclusively in accordance with, the internal laws of the State of Michigan without reference to the choice of law or conflict of law principles thereof. By accepting this warranty, Owner agrees that all claims against A&T relating to or arising out of your purchase of the boat, whether sounding in contract, tort or otherwise, shall likewise be governed exclusively by the laws of the State of Michigan without reference



DS
JP

to the choice of law or conflict of law principles thereof. To the extent any action is permitted in a court of competent jurisdiction, such action shall take place exclusively in the state or federal courts sitting in Gratiot County, Michigan, or any county adjacent thereto, the parties hereby waiving any claim or defense that such forum is not convenient or proper. Each party agrees that any such court shall have personal jurisdiction over it for any such action, and each party consents to service of process in any manner authorized by Michigan law. Owner hereby waives any benefits conferred by the laws of any other State or Provence.

## EXCLUSIVE LIMITED WARRANTY AND REMEDIES

**THIS WRITTEN LIMITED EXPRESS WARRANTY IS THE SOLE AND EXCLUSIVE WARRANTY; ALL OTHER WARRANTIES, WHETHER EXPRESS OR IMPLIED, INCLUDING THE IMPLIED WARRANTY OF MERCHANTABILITY AND THE IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE ARE EXPRESSLY DISCLAIMED.** This written statement of limited warranty represents the entire warranty authorized and offered by A&T. There are no warranties or representations beyond those expressed in this written document. This warranty cannot be amended by any dealer. No warranties are made on products sold outside the continental United States or Canada.

A&T's obligations under this limited warranty is limited to, at A&T's option, repair or replacement of covered part(s) of the boat that are covered by and not excluded from coverage. Replacement parts provided under terms of the warranty will, whenever possible, match original equipment, but A&T does not guarantee the match of color of any replacement parts or components to the original. When necessary, A&T will substitute parts of comparable function and value. A&T will not be responsible for any sums exceeding the cost of defective part or product to the original purchaser and/or any costs associated with reapplication of aftermarket tube coatings, polishing or bottom paint. A&T reserves the right to make changes, without notice, to the design or material of the product without incurring any obligation to incorporate such changes for products previously manufactured by A&T.

Consequential, indirect, incidental damages, mental anguish or distress, damage to property or injury to persons, loss of property, loss of time or inconvenience, loss of earnings, loss of use and enjoyment, towing expenses, rental charges, haul out or launching expenses, de-rigging or re-rigging charges, gasoline, mileage, A&T dealer or non-A&T dealer service calls, transportation, telephone, loading expenses are all excluded from coverage and waived by the Owner. This warranty is expressly limited to the cost of repair and/or replacement of the damaged or defective part or parts, as the case may be, at the exclusive option of A&T and A&T shall not be responsible for any other damages whatsoever. A&T's maximum liability for any alleged breach of this warranty shall not exceed what the fair market value of your boat, excluding motor, controls, electronics, aftermarket installed options, and trailer, would be without the alleged defect.

No provision of this Limited Warranty will be modified, waived, or discharged unless the modification, waiver, or discharge is agreed to in writing and signed by both Owner and A&T. No waiver by either party of any breach of, or of compliance with, any condition or provision of this Limited Warranty will be considered a waiver of any other condition or provision or of the same condition or provision at another time.

## LIMITATIONS PERIOD

Any demand for arbitration for an alleged breach of this warranty must be brought within one (1) year of the alleged breach. Any claims asserted after this time period shall be deemed waived.



DocuSigned by:
Jeffrey Pike
DDC8A358C9E6455...

# Exhibit B

Ventura Superior Court transmitted through eFiling 05/12/2026 03:44:19 PM

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**ELECTRONICALLY FILED**
Superior Court of California
County of Ventura
05/12/2026
K. Bieker
Executive Officer and Clerk
By: ______ Deputy Clerk
Ashley Pekarek

**NOTICE TO DEFENDANT:** AVALON & TAHOE MFG, INC., a Michigan
***(AVISO AL DEMANDADO):*** corporation, PACIFIC MARINE OF MADERA, INC., California corporation; and DOES 1 to 10,

**YOU ARE BEING SUED BY PLAINTIFF:** JEFFREY PIKE
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
VENTURA COUNTY SUPERIOR COURT
800 South Victoria Avenue

Ventura, CA 93009

CASE NUMBER: *(Número del Caso):* 2026CUBC066081

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sally A. Ayvazian (Bar No. 259163) (310) 651-8485
SAGE LAW GROUP LLP
450 N. Brand Boulevard, Suite 600
Glendale, CA 91203

DATE: *(Fecha)* 05/12/2026 K. Bieker Clerk, by *(Secretario)* Ashley Pekarek, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]




**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: AVALON & TAHOE MFG, INC., a Michigan corporation

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

Ventura Superior Court transmitted through eFiling 05/12/2026 03:44:19 PM

Sally A. Ayvazian (Bar No. 259163)
David N. Ruben (Bar No. 156681)
SAGE LAW GROUP LLP
450 N. Brand Boulevard, Suite 600
Glendale, California 91203
Telephone: (310) 651-8485
Facsimile: (310) 651-8923

Attorneys for Plaintiff,
JEFFREY PIKE

**ELECTRONICALLY FILED**
Superior Court of California
County of Ventura
05/12/2026
K. Bieker
Executive Officer and Clerk
By: ____________ Deputy Clerk
Ashley Pekarek

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

FOR THE COUNTY OF VENTURA

| | |
|---|---|
| JEFFREY PIKE,<br><br>Plaintiff,<br><br>vs.<br><br>AVALON & TAHOE MFG, INC., a Michigan corporation, PACIFIC MARINE OF MADERA, INC., California corporation; and DOES 1 to 10,<br><br>Defendants. | Case No.: 2026CUBC066081<br><br>COMPLAINT FOR:<br><br>1. Breach of Implied Warranties<br>2. Breach of Express Warranties<br>3. Violation of Civil Code Section 1793.2(d) - Failure to Refund or Replace<br>4. Violation of Civil Code Section 1793.2(b) - Failure to Repair Within 30 days |

Plaintiff alleges as follows:

**PARTIES**

1. As used in this Complaint, the word "Plaintiff" shall mean Plaintiff, JEFFREY PIKE, an individual residing in the City of Simi Valley, County of Ventura, in the State of California.

2. Defendant, AVALON & TAHOE MFG, INC., on information and belief, is a corporation organized and existing under the laws of the State of Michigan and which, on information and belief, is authorized to do business in the State of California, County of Los Angeles. Defendant, PACIFIC MARINE OF MADERA, INC., on information and belief, is a corporation organized and existing under the laws of the State of California and is authorized to do business in the State of California, County of Los Angeles.

3. As used in this Complaint, the word "Defendant" or "Defendants" when used without reference to a specific named Defendant shall mean Defendants, AVALON & TAHOE MFG, INC., PACIFIC MARINE OF MADERA, INC., and DOES 1 to 10.

4. Plaintiff is ignorant of the true names and capacities of the Defendants sued under the fictitious names DOES 1 to 10. They are sued pursuant to Code of Civil Procedure Section 474. When Plaintiff becomes aware of the true names and capacities of the Defendants sued as DOES 1 to 10, Plaintiff will amend this Complaint to state their true names and capacities.

5. On information and belief, each of the Defendants sued herein were the authorized agents of, or acting on behalf of, each of the others.

## **FACTS COMMONS TO ALL CLAIMS**

6. On March 6, 2025, Plaintiff purchased a 2024 Avalon Excalibur Elite Wind, VIN No. DVN61712J324 ("Boat") which was manufactured, distributed and/or sold by Defendants. The total consideration which Plaintiff paid or agreed to pay, including taxes, license and finance charges is in excess of $197,500.00. The Boat was purchased and/or used primarily for personal, family or household purposes and Plaintiff purchased the Boat from a person or entity engaged in the business of manufacturing, distributing, or selling consumer goods at retail.

7. At the time of purchase, Plaintiff received Defendants' express written warranty in which Defendants undertook to preserve and maintain the Boat's utility and performance. The express warranty covered repairs of defects in materials and/or workmanship and lasted for a period of at least ten (10) years for labor and lifetime for parts. By operation of law, Plaintiff also received Defendants' implied warranty of merchantability pursuant to California Civil Code Section 1792.

8. Shortly after purchase, Plaintiff discovered problems with the Boat, including, but not limited to, defects with the flooring/deck surface, paint/finish, hardware, fitment issues, fiberglass issues, and trailer issues. Specifically, there were damages, stains, paint runs, overspray, mismatched paint colors, peeling paint, misaligned latches and hinges, seating alignment issues, cracks, delamination, gaps and broken parts.

9. Plaintiff returned the Boat to Defendants for warranty service on multiple occasions, but the problems with the Boat continued. As of the writing of this complaint, the Boat has been out of

service, either at a dealer or at the factory for more than 221 days, or for approximately half of the time of Plaintiff's ownership. And, following the last service visit, the Boat not only continued to exhibits original defects in materials and workmanship, but Plaintiff discovered that some of the attempted repairs themselves caused new defects and damages.

10. In or about April, 2026, Plaintiff revoked acceptance of the Boat and requested that Defendants repurchase it. Defendant, PACIFIC MARINE OF MADERA, INC. responded by stating that it would repurchase the Boat, but only on the unacceptable condition that Plaintiff purchase another new boat from it. Defendant, AVALON & TAHOE MFG, INC., rejected, and continues to reject Plaintiff's request.

## FIRST CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY

(Against all Defendants)

11. Plaintiff incorporates by reference the allegations contained in paragraph 1 through 10, above.

12. By operation of law, an implied warranty of merchantability accompanied Defendants' sale of the Boat to Plaintiff. Among other things, this implied warranty meant that the Boat complied with each of the following requirements: (1) the Boat would pass without objection in the trade under the contract description; (2) the Boat was fit for the ordinary purpose for which such goods are used; (3) the Boat was adequately contained, packaged, and labeled; and (4) the Boat would conform to the promises or affirmations of fact made on the container or label.

13. During the time period in which the implied warranty was in effect, the Boat was delivered, contained and/or developed serious defects which substantially impaired the Boat's use, value and safety, all as set forth above. The existence of these defects constitutes a breach of the implied warranty because they caused the Boat (1) to not pass without objection in the trade under the contract description, (2) to not be fit for the ordinary purposes for which such goods are used, (3) to not be adequately contained, packaged, and labeled, and (4) to not conform to the promises or affirmations of fact made on the container or label.

14. Plaintiff rightfully rejected and/or justifiably revoked acceptance of the Boat, and has

exercised his right to cancel the sale. By serving this Complaint, Plaintiff does so again. Accordingly, Plaintiff seeks the remedies provided in California Civil Code Section 1794(a) and (b) and 1791.1, including refund of the entire purchase price. In the alternative, Plaintiff seeks the remedies set forth in California Civil Code Sections 1794(a) and (b)(2), including the diminution in value of the Boat resulting from its defects.

15. Plaintiff has been damaged by Defendants' failure to comply with their obligations under the implied warranty, as he has paid, and continues to pay, for a Boat which does not conform to the promises, affirmations and warranties promised and given to him. He therefore brings this claim pursuant to California Commercial Code Section 2314 and Civil Code Sections 1794(a) & (b), (d) & (e).

**SECOND CAUSE OF ACTION**

**BREACH OF EXPRESS WARRANTY**

(Against Defendants, AVALON & TAHOE MFG, INC. and Does 1 to 10)

16. Plaintiff incorporates by reference the allegations contained in paragraph 1 through 15, above.

17. Plaintiff delivered the defective Boat to Defendants' authorized repair facilities for repair of the substantially impairing defects covered under the express warranty. By doing so, Plaintiff did all that was required of him to obtain the needed repairs under both the contract and the law.

18. Defendants breached the express warranty by failing to perform the needed repairs to the Boat and returning it to Plaintiff in a defective and damaged condition.

19. Plaintiff has been damaged by Defendants' breaches of their obligations under the express warranty and therefore brings this claim pursuant to California Commercial Code Section 2313 and Civil Code Sections 1794(a) & (b). Plaintiff has been saddled with a broken, defective, and unuseable Boat despite making and continuing to make payments for its purchase. Moreover, Plaintiff has lost valuable family time during boating seasons and he is stuck with a Boat which does not conform to the promises, affirmations and warranties promised and given to him.

20. Defendants' breach of the express warranty was willful. Defendants and their representatives were aware of their obligation to repair the Boat under the express warranty, but they

intentionally declined to fulfill that obligation. Even when Defendants were notified by Plaintiff of the Boat's defects, Defendants rejected his complaints and claims, calling them trivial and cosmetic. Accordingly, a civil penalty of two times Plaintiff's actual damages pursuant to Section 1794(c) should be awarded to discourage Defendants from undertaking this type of wrongful and unlawful conduct in the future.

**THIRD CAUSE OF ACTION**

**VIOLATION OF CIVIL CODE SECTION 1793.2**

(Against Defendants, AVALON & TAHOE MFG, INC. and Does 1 to 10)

21. Plaintiff incorporates by reference the allegations contained in paragraph 1 through 20, above.

22. As set forth above, Plaintiff delivered the Boat on multiple occasions to Defendants and their authorized repair facilities for repair of defects that substantially impair the Boat's use, value and safety. Despite these reasonable presentations, the Boat remained unrepaired, requiring ultimately that Defendants affirmatively offer to repurchase it or replace it under the provisions of Civil Code Section 1793.2(d)(1). Defendants have failed to do so. Indeed, Plaintiff affirmatively requested that Defendants comply with their legal obligations under Civil Code Section 1793.2(d)(1).

23. Plaintiff has been damaged by Defendants' failure to comply with their obligations under Civil Code Sections 1793.2(d)(1) and their rejection of Plaintiff's request for such compliance. Plaintiff therefore brings this claim pursuant to Civil Code Sections 1794(a) thru (e).

24. Defendants' failure to comply with their obligations under Section 1793.2(d) was willful. Defendants and their representatives were well aware that the Boat contained substantial defects that remained unrepaired after a reasonable number of repair attempts, but they still refused to affirmatively offer Plaintiff the relief he was entitled to under the law. Accordingly, a civil penalty of two times Plaintiff's actual damages pursuant to Section 1794(c) should be awarded to discourage Defendants from undertaking this type of willful and wrongful conduct in the future.

25. Plaintiff seeks civil penalties pursuant to both Sections 1794, subdivision (c) and (e) in the alternative, but does not seek to aggregate those civil penalties.

///

**FOURTH CAUSE OF ACTION**

**VIOLATION OF CIVIL CODE SECTION 1793.2(b)**

(Against Defendant, AVALON & TAHOE MFG, INC. and Does 1 to 10)

26. Plaintiff incorporates by reference the allegations contained in paragraph 1 through 25, above.

27. Although Plaintiff delivered the Boat for repairs pursuant to the express warranty, Defendants and their representatives failed to commence the service or repairs within a reasonable time and failed to service or repair the Boat so as to conform to the applicable warranties within 30 days, in violation of Civil Code Section 1793.2(b). Plaintiff did not extend the time for completion of repairs beyond the 30-day requirement.

28. Plaintiff has been damaged by Defendants' failure to comply with their obligations pursuant to Section 1793.2(b) and therefore bring this claim pursuant to Sections 1794(a) thru (e).

29. Defendants' failure to comply with their obligations under Section 1793.2(d) was willful, in that Defendants and their representatives were aware that the Boat needed to be repaired under warranty, refused to do so, yet they intentionally failed and refused to affirmatively and promptly replace the Boat or make restitution as required by law. Accordingly, a civil penalty of two times Plaintiff's actual damages pursuant to Section 1794(c) should be awarded to discourage Defendants from undertaking this type of wrongful conduct in the future.

**PRAYER**

Plaintiff prays for judgment against Defendants as follows:

1. For Plaintiff's damages in the amount of at least $197,500.
2. For restitution to Plaintiff in the amount of at least $197,500.
3. On applicable claims only, for a civil penalty according to proof.
4. For consequential and incidental damages according to proof.
5. For costs of the suit and Plaintiff's reasonable attorneys' fees pursuant to Civil Code Section 1794(d).
6. For prejudgment interest at the legal rate.

///

7. And for such other relief as the Court may deem proper.

DATED: May 8, 2026 SAGE LAW GROUP LLP

BY______________________________
SALLY A. AYVAZIAN
DAVID RUBEN
Attorneys for Plaintiff,
JEFFREY PIKE

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action asserted herein.

DATED: May 8, 2026 SAGE LAW GROUP LLP

BY______________________________
SALLY A. AYVAZIAN
DAVID RUBEN
Attorneys for Plaintiff,
JEFFREY PIKE

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY STATE BAR NUMBER: 259163
NAME: Sally Ayvazian
FIRM NAME: SAGE LAW GROUP LLP
STREET ADDRESS: 450 N. Brand Boulevard, Suite 600
CITY: Glendale STATE: CA ZIP CODE: 91203
TELEPHONE NO.: 310.651.8485 FAX NO.:
EMAIL ADDRESS: sally@sagelawgroupllp.com
ATTORNEY FOR (name): Plaintiff, Jeffrey Pike

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA**
STREET ADDRESS: 800 South Victoria Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Ventura, CA 93009
BRANCH NAME:

CASE NAME:
Jeffrey Pike v. Avalon & Tahoe MFG, Inc., et al.

*FOR COURT USE ONLY*

**ELECTRONICALLY FILED**
Superior Court of California
County of Ventura
05/12/2026
K. Bieker
Executive Officer and Clerk
By: ____________ Deputy Clerk
Ashley Pekarek

**CIVIL CASE COVER SHEET**

[X] **Unlimited** (Amount demanded exceeds $35,000)
[ ] **Limited** (Amount demanded is $35,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 2026CUBC066081
JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Asbestos**
[ ] Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/Unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[X] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Employment Development Department (EDD)**
[ ] EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Comprehensive groundwater adjudication (47)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

Ventura Superior Court transmitted through eFiling 05/12/2026 03:44:19 PM

CM-010

2. Is this case complex under rule 3.400 of the California Rules of Court? ☐ Yes ☒ No

If the case is complex, mark the factors requiring exceptional judicial management:

a. ☐ Large number of separately represented parties

b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve

c. ☐ Substantial amount of documentary evidence

d. ☐ Large number of witnesses

e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court

f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*:

a. ☒ monetary

b. ☒ nonmonetary; declaratory or injunctive relief

c. ☒ punitive

4. Number of causes of action *(specify)*: 4

5. Is this case a class action suit? ☐ Yes ☒ No

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 8, 2026

Sally A. Ayvazian

(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 of the California Rules of Court or a complex case, this cover sheet will be used for statistical purposes only.

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**

## CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Asbestos**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Product Liability *(not asbestos or toxic/ environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collections Case–Seller Plaintiff
- Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord-tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition re Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Employment Development Department (EDD)**
- EDD Decision Review (48) *(if the case involves an Employment Development Department decision, check this item instead of Wrongful Termination or Other Employment)*

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Comprehensive Groundwater Adjudication (47)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister-State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only Injunctive Relief Only *(non-harassment)*
  - Mechanic's Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF VENTURA**
800 South Victoria Avenue
Ventura, CA 93009
(805) 289-8525
www.ventura.courts.ca.gov

## NOTICE OF CASE ASSIGNMENT AND MANDATORY APPEARANCE

Your case has been assigned for all purposes to the judicial officer indicated below.

A copy of this Notice of Case Assignment and Mandatory Appearance shall be served by the filing party on all named Defendants/Respondents with the Complaint or Petition, and with any Cross-Complaint or Complaint in Intervention that names a new party to the underlying action.

| | |
|---|---|
| **Case Number:** 2026CUBC066081 | **Location:** Hall of Justice |
| **Assigned Judicial Officer:** Charmaine H Buehner | **Department:** 44 |
| **Hearing:** MANDATORY APPEARANCE CMC/Order to Show Cause Re Sanctions/Dismissal for Failure to File Proof of Service/Default | |
| **Event Date:** 10/30/2026 **Event Time:** 8:35 AM | **Event Department:** 44 |

**Scheduling Information**

**Judicial Scheduling Information:** The above hearing is MANDATORY. Each party is ordered to file a Case Management Statement no later than 15 calendar days prior to the hearing and serve it on all parties. If your Case Management Statement is untimely, it may NOT be considered by the court (CRC 3.725) and you may be sanctioned for noncompliance with a court order (CCP 177.5). If proof of service and/or request for entry of default have not been filed: At the above hearing you are ordered to show cause why you should not be compelled to pay sanctions and/or why your case should not be dismissed (CCP 177.5, Local Rule 3.17).

**Advanced Jury Fee Requirement:** At least one party demanding a jury trial on each side of a civil case must pay a non-refundable jury fee of $150. The non-refundable jury fee must be paid timely pursuant to Code of Civil Procedure section 631.

**Noticed Motions/Ex Parte Matters:** To set an ex parte hearing, contact the judicial secretary in the assigned department. Contact the clerk's office to reserve a date for a law and motion matter.

**Remote Appearances:** Remote appearances by CourtCall at the Mandatory Case Management Conference are permitted pursuant to CRC 3.722, 3.672, Local Rule 7.06, and may be permitted by Zoom per the applicable department rules and policies. To schedule a CourtCall appearance, a party must pre-register with CourtCall at https://courtcall.com/support/faq/registration or call 888-882-6878. To appear by Zoom, consult the rules and procedures of the civil department to which your matter is assigned at https://www.ventura.courts.ca.gov/assignments-vent.html.

Date: 05/12/2026

Clerk of the Court

Ashley Pekarek